IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
)
v. ) Criminal No. 06-0083
)
FREDERICK DATES, II )
)

MEMORANDUM

Gary L. Lancaster,
District Judge.                                              June 24, 2008

Defendant appeared before this court for sentencing on a charge of possession with intent to distribute crack cocaine on June 20, 2008. The court found that defendant was a career offender within the meaning of United States Sentencing Guideline 4B1.1, and made specific findings, and set forth its reasoning on the record. Those findings and reasons are reproduced in substantially the same form below.

The Pre-sentence Report recommends that defendant be deemed a career offender, and, as a result, includes a three level enhancement to his offense level and automatically places him in criminal history category VI. These adjustments increase defendant's guideline range sentence from 151 to 188 months to 262 to 327 months. Defendant objects to being characterized as a career offender.

The Pre-sentence Report bases its career offender recommendation on two predicate offenses: a simple assault conviction from 1998 and a cocaine distribution conviction from 2001. There is no dispute that the cocaine conviction qualifies as a predicate controlled substance offense under section 4B1.1(a)(3). However, defendant disputes that his conviction for simple assault qualifies as a crime of violence under that section after the Supreme Court's recent decision in <u>Begay v. United States</u>, 128 S.Ct. 1581 (April 16, 2008).

In <u>Begay</u>, the Supreme Court considered whether a DUI conviction was a "violent felony" under the Armed Career Criminal Act. Specifically, the Court set forth a two part test to apply to the second clause of 18 U.S.C. 924(e)(2)(B). That clause defines a violent felony to include an offense that "is burglary, arson, extortion, or involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Section 4B1.2(a)(2) of the Guidelines, which defines "crime of violence" for the purposes of the career offender determination, includes a near verbatim recitation of this "risk of physical injury" clause. <u>See</u> U.S.S.G. § 4B1.2(a)(2) (adding the words "of a dwelling" after burglary, but otherwise copying the language of section 924(e)(2)(B)(ii) verbatim).

In Begay, the Supreme Court held that a crime qualifies as a "violent felony" under section 924(e)(2)(B)(ii) if it: (1) presents a serious potential risk of physical injury; <u>and</u> (we consider the use of the word "and" to be significant) (2) is similar, in kind as well as in degree of risk posed, to the four crimes listed in the clause. Begay, 128 S.Ct. at 1584-85. The Supreme Court found that, generally, those crimes that involve "purposeful, violent and aggressive conduct" satisfy the "similar to" requirement. Id. at 1586.

Predating Begay, the Court of Appeals for the Third Circuit held that the Pennsylvania offense of simple assault qualifies as a "crime of violence" for purposes of determining career offender status. United States v. Dorsey, 174 F.3d 331 (3d Cir. 1999).[1] Dorsey does not consider the second Begay question, namely, whether simple assault is similar to the four crimes listed in section 4B1.2(a)(2), a required element of the career offender determination under Begay. In fact, in quoting the language from section 4B1.2(a)(2), the Court of Appeals removed the list of four crimes from its opinion, and replaced them with ellipses.

---

[1] We note that in United States v. Green, 2008 WL 2397525 (3d Cir. Jun. 13, 2008), an unpublished opinion postdating Begay, the Court of Appeals affirmed the holding of Dorsey, but without discussing, or even citing to, Begay. Because this opinion is unpublished and non-precedential, it is not binding.

3

Dorsey, 174 F.3d at 332-33. In Dorsey, the Court of Appeals asked only the first Begay question, namely, whether simple assault presents a serious potential risk of physical injury. Id. at 333. Finding that simple assault satisfied that requirement, the Court of Appeals ended its inquiry, and concluded that simple assault qualified as a "crime of violence" under the career offender sentencing guidelines.

However, after Begay, this Dorsey analysis is now incomplete. Even where we find that a crime presents a serious potential risk of physical injury, we must go on to ask whether the crime is similar, in kind as well as in degree of risk posed, to burglary of a dwelling, arson, extortion, or involves use of explosives. Begay, 128 S.Ct. at 1584-85. In doing so, under the categorical approaches of Taylor and Shepard, we must look only to the fact of conviction and the statutory definition of the crime, not to the facts of the individual's underlying offense, in evaluating the crime. Shepard v. United States, 544 U.S. 13, 26 (2005); Taylor v. United States, 495 U.S. 575, 600-02 (1990). However, where the sentencing court has access to the charging document, the terms of a plea agreement, or a transcript of the plea colloquy, it may consider any facts found therein. Shepard, 544 U.S. at 26. In this case, the affidavit of probable cause, the charging document (Ex. 1), and the plea (Ex. 2) have been

4

made available to the court. Thus, we may consider not only the statutory language, but also the underlying facts of defendant's simple assault conviction.

We find that defendant's conviction for simple assault is similar to the four crimes listed in U.S.S.G. § 4B1.2(a)(2). Begay, 128 S.Ct. at 1584-85. Defendant was charged with violation of 18 Pa. C.S.A. § 2701(a)(3), which defines simple assault as one who "attempts by physical menace to put another in fear of imminent serious bodily injury." This offense is similar in kind and risk level to the listed crimes of burglary and extortion. It necessarily involves purposeful, violent, and aggressive behavior. Id. at 1586. Moreover, based on the charging information, as supported by other documents, defendant brandished a gun in committing the offense, which, again, qualifies as such behavior. As such, we find that, under the facts of this case, the offense of simple assault is a "crime of violence" under the test set forth in Begay. Therefore, defendant qualifies as a career offender.

BY THE COURT:

_____, J.

cc: All Counsel of Record