IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
|---|---|---|
| | ) | CR 6-83 |
| v. | ) | CV 14-776 |
| FREDERICK DATES, II | | |

**MEMORANDUM ORDER**

In this action, Defendant pleaded guilty to violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). In 2008, Judge Lancaster sentenced Defendant to a term of imprisonment of 151 months, followed by a term of supervised release. The sentence rested, in part, on Defendant's career offender status under the residual clause of the Career Offender Guideline. That status rested, in part, on a predicate conviction for simple assault under 18 Pa. C.S.A. § 2701. Before the Court is Defendant's Section 2255 Motion, premised on Johnson v. United States, __ U.S.__, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). He contends that the simple assault conviction no longer qualifies as a predicate, and requests that this Court vacate his sentence.

As a threshold matter, the Government contends that Johnson does not apply retroactively on collateral review of guidelines sentences. Recently, in United States v. Boone, 2016 U.S. Dist. LEXIS 70600 (W.D. Pa. May 31, 2016), Judge McVerry rejected this argument, and approved a Johnson challenge to a career offender sentence imposed pursuant to the advisory guidelines. I will follow the reasoning set forth in Boone.

Thus, central to the resolution of Defendant's Motion is the Government's contention that the simple assault conviction qualifies as a predicate under the "use clause" of U.S.S.G. § 4B1.2. Therefore, it contends, Defendant's sentence remains valid. In support of its argument, the Government points to a PSR and addendum thereto, and Judge Lancaster's June 24, 2008 Memorandum, all of which refer to or recite aspects of the charging documents. The

1

Government states that it has requested documents from the Washington County Clerk of Courts, but had not yet received them as of June 6, 2016. On the other hand, Defendant's reference to Taylor and Shephard documents suggests that he is in possession of relevant documents. Defendant asserts, and the Government does not contest, that without the enhancement, his guideline range would be 84 to 105 months, and that he had been incarcerated for 94 months at the time of his May 10, 2016 Motion. In this particular context, the Government bears the burden of demonstrating prior convictions and career offender status. United States v. Evans, 2015 U.S. Dist. LEXIS 172471, at *6 (E.D. Pa. Dec. 29, 2015); see also United States v. Rodriguez-Negrete, 772 F.3d 221 (5th Cir. Tex. 2014).

Given the age of the prior conviction and the fact that the pertinent documents must be retrieved from Washington County storage, I am inclined to allow the Government a reasonable amount of time to attempt to meet its burden. On the other hand, any such opportunity must be balanced against the time that Defendant has served, and the possible outcome of resentencing should he prevail. It would seem to behoove Defendant to submit Shepard documents to the Court, if he indeed possesses them and they support his argument as alleged, as this might circumvent time delays occasioned by the Government's wait for word from Washington County. However, at this juncture, I will not order Defendant to file the documents. By July 23, 2016, the Government shall obtain and file Shepard and Taylor materials, or file a statement setting forth its efforts made to obtain such materials, and the status of those efforts. Defendant may, of course, file such documents at any time prior to that date, should he wish to do so. Any such filing shall not be accompanied by additional briefing. If and when necessary, a supplemental briefing schedule shall issue.

AND NOW, this 23rd day of June, 2016, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court