IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
|---|---|---|
| | ) | CR 6-83 |
| v. | ) | CV 16-581 |
| FREDERICK DATES, II | | |

**OPINION AND ORDER**

**SYNOPSIS**

On March 5, 2008, Defendant pleaded guilty to violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). By Memorandum dated June 30, 2008, Judge Lancaster found that a prior state conviction for simple assault qualified as a "crime of violence" under the residual clause of U.S.S.G. § 4B1.1. As a result, Judge Lancaster noted a guideline range of 262-327 months. On that date, Judge Lancaster varied or departed downward, and sentenced Defendant to a term of imprisonment of 151 months, followed by five years of supervised release. Before the Court is Defendant's Section 2255 Motion, premised on <u>Johnson v. United States</u>, __ U.S.__, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). He requests that this Court vacate his sentence, and resentence him, without the career offender enhancement. For the following reasons, Defendant's Motion will be granted, and this matter scheduled for resentencing.[1]

**OPINION**

**I.    APPLICABLE STANDARDS**

---

[1] Defendant asserts that without the enhancement, his guideline range would have been 84-105 months, based on an offense level of 25 and a criminal history category IV. It appears that Defendant had been incarcerated for 94 months at the time of his May 10, 2016 Motion, not including good time credit earned. The Government asserts, in accord with Judge Lancaster's June 30, 2008 Memorandum, that the applicable non-career offender guideline range would have been 151-188 months.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

## II. DEFENDANT'S MOTION

Defendant asserts that his prior conviction for simple assault is no longer a valid predicate offense under Johnson v. United States, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), and its progeny. By Order dated June 23, 2016, and based on United States v. Boone, 2016 U.S. Dist. LEXIS 70600 (W.D. Pa. May 31, 2016), I rejected the Government's arguments against Johnson's retroactivity and applicability to sentences imposed under the United States Sentencing Guidelines, rather than ACCA. Since Judge McVerry's decision in Boone, that position has gathered additional support. Cf., e.g., United States v. Calabretta, 2016 U.S. App. LEXIS 13568 (3d Cir. July 26, 2016); Townsley v. United States, 2016 U.S. Dist. LEXIS 101179 (M.D. Pa. June 22, 2016).

The Government, however, further contends that Defendant's prior conviction for simple assault qualifies him as a career offender under the "use clause," or "force clause," of U.S.S.G. § 4B1.2(a)(1). That clause includes, as a "crime of violence," an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another…." Under these circumstances, the Government bears the burden of demonstrating that career

2

offender status is proper. United States v. Smith, 2016 U.S. Dist. LEXIS 113484, at *6 (W.D. Pa. Aug. 25, 2016).

Defendant's prior conviction arose under Pennsylvania's simple assault statute, 18 Pa. C.S.A. § 2701, which has been held divisible and subject to a modified categorical approach. United States v. Marrero, 743 F. 3d 389, 396 (3d Cir. 2014).[2] As the Court of Appeals has stated, "[s]imple assault is not categorically a crime of violence...; rather, only knowing or intentional assaults are." United States v. Doe, 810 F. 3d 132, 147 (3d Cir. 2015). A modified categorical approach, in turn, permits the court to consider documents approved by Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), and Taylor v. United States, 495 U.S. 575, 109 L. Ed. 2d 607, 110 S. Ct. 2143 (1990), in order to determine whether Defendant's conviction qualifies as a predicate offense.

Here, the information lodged against Defendant at Court of Common Pleas of Washington County C.A. No. 301 of 1998, and dated December 27, 1997, clearly denotes the statutory subsection under which he was charged. It cites to 18 Pa. C.S.A. § 2701(a)(3), and further states that "..the defendant….did, at [a specified location],…unlawfully attempt by physical menace to put [victim] in fear of imminent serious bodily injury …." Section 2701(a)(3), at the time of Defendant's conviction, provided that a person is guilty of assault if he "attempts by physical menace to put another in fear of imminent serious bodily injury."

Our Court of Appeals has held, in another context, as follows:

> … § 2701(a)(3) is a crime of violence within 18 U.S.C. § 16(a) because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Under Pennsylvania law, simple assault as set forth in § 2701(a)(3) is a specific intent crime. The language of (a)(3) dictates this result: the word "attempt" necessarily involves a mental state of specific intent. …Furthermore, the requirement …

---

[2] The continued viability of Marrero is under question, following recent Supreme Court pronouncements. See, e.g., United States v. Smith, 2016 U.S. Dist. LEXIS 113484 (W.D. Pa. Aug, 25, 2016). Because Defendant prevails on other grounds in this case, I will assume, without deciding, that Marrero remains undisturbed.

3

that the elements of a "crime of violence" include "use, attempted use, or threatened use of physical force" plainly encompasses the term "physical menace" in § 2701(a)(3). Under Pennsylvania law, "physical menace" requires some physical act by the perpetrator intended to cause "fear of imminent serious bodily injury" in the victim. …. "Physical menace" refers to physical acts committed to threaten another with corporeal harm. An attempt to distinguish between such acts and the concept of "the use, attempted use, or threatened use of physical force" employed by § 16(a) would be meaningless. We cannot reasonably conceive of a situation wherein such an act of "physical menace," intended to place another in fear of imminent serious bodily injury, would not, at the very least, constitute the attempted or threatened use of physical force contemplated by 18 U.S.C. § 16(a).

Singh v. Gonzales, 432 F.3d 533, 539-40 (3d Cir. 2006) (citations and parentheticals omitted); see also Ledoue v. AG of the United States, 462 Fed. Appx. 162, 165 (3d Cir. 2011).

Although Singh addressed 18 U.S.C. § 16(a), the definition of "crime of violence" in Section 4B1.2(a)(1) mirrors that in Section 16(a), and thus authority interpreting one is generally applied to the other, unless pertinent distinctions – none of which are present here – are present. E.g., United States v. Mahone, 662 F.3d 651, 653 (3d Cir. 2011). Indeed, "[i]t is impossible to conceive of a situation involving fear of imminent serious bodily injury without a threat of force." United States v. Melchor-Meceno, 620 F.3d 1180, 1185 (9th Cir. 2010).

Thus, I will proceed under the assumption that Defendant was charged with a "crime of violence." The question remains, however, whether he was convicted of the crime charged. On July 27, 1998, at the same docket number as the information charging a violation of Section 2701(a)(3), Defendant executed a plea of guilty "on the charge of simple assault." There is nothing in the record to suggest anything other than the fact that "the" charge to which Defendant pleaded was the Section 2701(a)(3) charge stated in the information.

However, there is also nothing in the record that conclusively demonstrates that Defendant pleaded guilty to the crime described in the information. The Supreme Court has generated a "demand for certainty" when determining whether a defendant was convicted of a qualifying offense. Shepard, 544 U.S. at 21. In other words, a court must be certain about "what

4

matters," which "is the mens rea to which [a defendant] actually pled guilty." See United States v. Johnson, 587 F. 3d 203, 212-13 (3d Cir. 2009).  In this case, the guilty plea document bears no reference to any particular section of the simple assault statute.  Likewise, assuming that they are properly considered, the sentencing documents submitted by the Government refer solely to "simple assault," and do not relate to a particular statutory section.   Again, I acknowledge that it is highly likely that "the" charge to which Defendant pleaded was, in fact, the one appearing in the information that shares a docket number with the guilty plea.  However, it is possible, even if exceedingly unlikely, that his plea arrangement implicated something other than Section 2701(a)(3).[3]

Even if a state court record "strongly suggests" a particular conclusion regarding a defendant's mens rea, and "it is difficult to conceive" of a different scenario, courts should not ignore lingering doubt.  Cf. id.[4]   Speculation, even if well-informed and likely accurate, nonetheless risks running afoul of the Constitution.[5]  Furthermore, although the Government points to records showing that Defendant brandished a gun in committing the simple assault, I will not rest career offender status on that foundation.  To do so would violate the proscription

---

[3] I obtained the Court of Common Pleas of Washington County docket report for Commonwealth v. Steven Dates, CP-63-CR-301-1998, available at https://ujsportal.pacourts.us.  The docket report, in addition to bearing a different name, was not enlightening on this point.  The docket reflects two events, listed on the same date, relating to "18 § 2701 §§ A Simple Assault."  Further, on February 17, 1998, a criminal complaint and "associated papers" appear on the docket.  Those documents are not of record in the present proceeding, and thus I cannot examine their contents. I may take judicial notice of state court docket reports.  Dixon v. Williams, 2015 U.S. Dist. LEXIS 131278 (M.D. Pa. Aug. 3, 2015).

[4] Although Johnson arose in a materially different context, it remains instructive.  In that case, our Court of Appeals considered the facts, identified in both the information and the unobjected-to PSR, that defendant struck, choked, and pointed a handgun at his victim, stating, "I should shoot you in the head right now."  Johnson, 587 F. 3d at 212-13, n. 10.  Defendant pleaded guilty to violating 18 Pa.S.C.A. § 2701(a)(1), which addressed who "attempts to cause or intentionally, knowingly or recklessly causes bodily injury…."  Although the underlying conduct strongly suggested intentional conduct, and thus a qualifying crime of violence, the Court of Appeals found that it was not sufficiently clear that Defendant actually pled to intentional conduct.  Id. at 212-13.

[5] I am aware that this approach places a significant burden on the Government in this context, in light of the difficulty of accessing what are often decades-old state court records.  In many cases, however, Shepard-approved materials – such as a plea colloquy transcript, judicial findings, or a written plea agreement -- will be both informative and available.

5

against considering non-elemental underlying facts. See, e.g., Smith, 2016 U.S. Dist. LEXIS 113484, at **9-10. For these reasons, Defendant's Motion must be granted.

## CONCLUSION

In sum, Defendant's Section 2255 Motion will be granted, and this matter scheduled for resentencing. An appropriate Order follows.

## ORDER

AND NOW, this 6th day of October, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate is GRANTED. This matter is scheduled for resentencing on October 27, 2016, at 10:45 A.M.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court